UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEMITRIUS R. WHITFIELD,

*Plaintiff*,

– against –

HOSTOS COMMUNITY COLLEGE,

*Defendant*.

**MEMORANDUM & ORDER**
26-cv-04489 (NCM) (PCG)

DEMITRIUS R. WHITFIELD,

*Plaintiff*,

– against –

EXPERIAN, *et al.*,

*Defendants*.

26-cv-04492 (NCM) (PCG)

DEMITRIUS R. WHITFIELD,

*Plaintiff*,

– against –

MUNICIPAL CREDIT UNION,

*Defendant*.

26-cv-04526 (NCM) (PCG)

| | |
|---|---|
| DEMITRIUS R. WHITFIELD,<br>*Plaintiff*,<br>– against –<br>DUNS BRADSTREET,<br>*Defendant*. | 26-cv-05022 (NCM) (PCG) |
| DEMITRIUS R. WHITFIELD,<br>*Plaintiff*,<br>– against –<br>CRESTMONT CAPITAL,<br>*Defendant*. | 26-cv-05029 (NCM) (PCG) |

**NATASHA C. MERLE**, United States District Judge.

On July 24, 27, and August 17, 2026, plaintiff Demetrius R. Whitfield, proceeding pro se, commenced the five above-captioned actions against various defendants, including Hostos Community College, Experian, Equifax, TransUnion, Municipal Credit Union ("MCU"), Duns Broadstreet, and Crestmont Capital. *See generally* Complaint, *Whitfield v. Hostos Cmty. Coll.*, No. 26-cv-04489, ECF No. 1 ("Hostos Compl.") (July 24, 2026); Complaint, *Whitfield v. Experian*, No. 26-cv-04492, ECF No.1 ("Experian Compl.") (July 24, 2026); Complaint, *Whitfield v. Municipal Credit Union*, No. 26-cv-04526, ECF No. 1 ("MCU Compl.") (July 27, 2026); Complaint, *Whitfield v. Duns Bradstreet*, No. 26-cv-05022, ECF No. 1 ("Duns Compl.") (Aug. 17, 2026); and Complaint, *Whitfield v. Crestmont Cap.*, No. 26-

cv-05029, ECF No. 1 ("Crestmont Compl.") (Aug. 17, 2026) (collectively the "Complaints"). Plaintiff failed to pay the requisite filing fees for any of these actions but did apply to proceed in forma pauperis ("IFP"). *See* Mot. for Leave to Proceed IFP, *Whitfield v. Hostos Cmty. Coll.*, No. 26-cv-04489, ECF No. 2 (July 24, 2026); Mot. for Leave to Proceed IFP, *Whitfield v. Experian*, No. 26-cv-04492, ECF No. 2 (July 24, 2026); Mot. for Leave to Proceed IFP, *Whitfield v. Municipal Credit Union*, No. 26-cv-04526, ECF No. 2 (July 27. 2026); Mot. for Leave to Proceed IFP, *Whitfield v. Duns Bradstreet*, No. 26-cv-05022, ECF No. 2 (Aug. 17, 2026); Mot. for Leave to Proceed IFP, *Whitfield v. Crestmont Cap.*, No. 26-cv-05029, ECF No. 2 (Aug. 17, 2026).

The Court grants plaintiff's applications to proceed IFP and consolidates the five actions solely for purposes of this Order. For the reasons set forth below, the Court dismisses the Complaints and directs plaintiff to show cause, within thirty (30) days of the date of this Memorandum and Order, why the Court should not enter a filing injunction barring plaintiff from commencing any future action in the Eastern District of New York without first seeking leave from the Court.

## BACKGROUND

The Complaints are each handwritten on a form complaint. *See* Hostos Compl.; Experian Compl.; MCU Compl.; Duns Compl.; and Crestmont Compl. All Complaints are brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging each defendant deprived plaintiff of his rights under federal law.

Plaintiff's complaint against Hostos Community College asserts claims under the "[Fourteenth] Amendment Equal Protection Clause," as well as "harassment [and]

defamation" concerning a "disciplinary action" at the College. Hostos Compl. 4–6. Attached to the Complaint is a Department of Veteran Affairs ("VA") form called "Statement in Support of Claim" ("VA form") filled in with handwritten notes referring to "a new civil suit" and "Navy Federal Credit Union redress $23,000,000." *See* Hostos Compl. 8–9.[1]

Plaintiff's suit against Experian, Equifax, and TransUnion (collectively the "Experian defendants") also appears to assert claims pursuant to the Equal Protection Clause of the Fourteenth Amendment. *See* Experian Compl. 4. Specifically, the Experian Complaint alleges "credit score damage; medical bills hurting my credit; school loans hurting credit while not in school or be prevented so." Experian Compl. 6. Plaintiff seeks "credit score boost; deletion of all medical bills; school loans past to present." Experian Compl. 6. The Experian Complaint references "case index 22-cv-04754" with no explanation of its relevance to plaintiff's suit against the Experian defendants.[2] Experian Compl. 5. Attached to the Experian Complaint is the same VA form with the same handwritten notes plaintiff also attached to the Hostos Complaint. *Compare* Experian Compl. 8–9, *with* Hostos Compl. 8–9. In further support of his suit, plaintiff filed a second VA form asking the Department to delete certain entries in his credit report along with a printout of his Equifax credit report. *See* Statement in Support of Claim, *Whitfield v. Experian*, No. 26-cv-04492, ECF No. 4 (Aug. 3, 2026), *et passim*.

Plaintiff's suit against MCU alleges a violation of the Equal Protection Clause of the Fourteenth Amendment and a harassment claim. MCU Compl. 4. Plaintiff alleges that he

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2] A search of the Electronic Case Filing database reflects that case No. 22-cv-04754 refers to *Adams v. 99 Commercial St., Inc.*, a case before Judge Matsumoto, which was closed on November 17, 2022.

could not "receive the $5,000 loan [he] requested" and instead "was told [he] had to bring [the bank] money." MCU Compl. 5. He further alleges that "Experian [is] leading [him] through[] the platform in order to get the loan." MCU Compl. 5. He asserts these incidents have "caused a[] misrepresentation of information and/or fraud in order to secure the funds" and asks the Court for "$5,000 x 3 for the amount of the loan promised and $23,000,000 x 3 in redress fees under the Consumer Protection Federal Bureau." MCU Compl. 6. Attached to the MCU Complaint is a VA form this time stating that plaintiff "will be submitting the following documents regarding the personal approv[]al of a[] loan, that was in turn denied. The bank personnel told me that instead of getting the personal loan [ ], I had to bring them the amount of the loan I requested from the bank. Th[i]s violated the 14th Amendment's Equal Protection Act." MCU Compl. 9–10.

Plaintiff's suit against Duns Bradstreet seeks redress for violations of his rights under the First and Sixth Amendments. Duns Compl. 4. Plaintiff alleges defendant Duns Bradstreet acted under color of state or local law by "CPFB [f]alse [a]dvertising; [i]ntentional [m]isrepresentation of [i]nformation; and/or [i]ntention[al] phishing[.]" Duns Compl. 4. He further alleges telemarketing employees made misleading sales claims by telling "potential customers that buying fee-based products would directly improve their credit scores." Duns Compl. 5. Plaintiff asks the Court to grant a $5.7 million settlement comprised of civil penalties and customer refunds. Duns Compl. 6. Attached to the Duns Complaint is a VA benefit form stating that plaintiff "will be requesting a copy [and] date-stamp to be sent out to the organization and to be filed in the Federal Roosevelt Courthouse." Duns Compl. 8–9.

Plaintiff's suit against Crestmont Capital, like plaintiff's action against Duns Bradstreet, alleges violations of plaintiff's First and Sixth Amendment rights. Crestmont

Compl. 4. Like Duns Bradstreet, Crestmont Capital is also alleged to have acted under color of law when it engaged in "CPFB [f]alse [a]dvertising; [i]ntentional [m]isrepresentation of [i]nformation; and/or [i]ntentional phishing[.]" Crestmont Compl. 4. Plaintiff asks the Court to "oversee . . . the small [b]usiness loan process and/or the [b]usiness [f]unding process requiring a 680 credit score." Crestmont Compl. 6. Attached to the Crestmont Complaint are four documents: (1) a VA form about seeking documents to present to the Roosevelt Federal Court, Crestmont Compl. 10–11; (2) a second VA form about a Small Business Administration ("SBA") loan application and borrowers form, Crestmont Compl. 12–13; (3) an SBA Borrower Information Form, completed on behalf of plaintiff's business, Valor Enterprises LLC, indicating the entity seeks a $5,000,000 loan, Crestmont Compl. 14–26; and (4) an SBA 504 Borrower Information Form completed on behalf of plaintiff's business and collecting information about the entity's current or previous government financing among other information. Crestmont Compl. 27–38.

## LEGAL STANDARD

Courts are required to give special consideration to pro se litigants, those individuals who are not attorneys and represent themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving pro se litigants special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might

be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).[3]

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of his claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is

---

3 Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id*.

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Plaintiff's actions must be dismissed in their entirety because, even when construed liberally, each complaint lacks any arguable basis in law or fact and is thus frivolous. *El-Bey v. D.C.*, No. 17-cv-06203, 2019 WL 13548078, at *2 (E.D.N.Y. Oct. 17, 2019) ("An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.") (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).

The Complaints also fail to meet Rule 8's minimal pleading requirements. Each complaint fails to plead, "at minimum . . . sufficient information" against each defendant so that they may have a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). For instance, it appears plaintiff's suit against Hostos Community College arises from a disciplinary action that plaintiff believes was unwarranted because "charges were dropped by the . . . Bronx court." Hostos Compl. 5. However, the Hostos Complaint does not contain sufficient facts about the circumstances underlying the disciplinary action for the Court to discern how defendant allegedly violated plaintiff's rights.

The Experian, MCU, Duns, and Crestmont Complaints all allege § 1983 claims for violations of constitutional rights, but each complaint fails to assert how any of the private defendants was acting "under color of [state or local law]." 42 U.S.C. § 1983. In the Experian Complaint, plaintiff explains defendants acted under color of federal law by citing to case number 22-cv-04754, which appears to refer to *Adams v. 99 Commercial St*. However, based on a thorough review of the docket in *Adams*, none of the parties nor the underlying events in that case appear to have any connection to plaintiff or the Experian defendants. *See* Complaint, *Adams v. 99 Com. St.*, No. 22-cv-04754, ECF No. 1 (Aug. 12, 2022) (alleging violations of the Americans with Disabilities Act).

The portion of the MCU Complaint directing plaintiff to state "how . . . defendant acted under color of federal law" is struck through. MCU Compl. 4. Nevertheless, the harm plaintiff alleges—failure to receive a $5,000 loan—fails to explain how this harm arose from the deprivation of his equal protection rights. *See* MCU Compl. 5. And, even when read with the "special solitude" afforded pro se pleadings, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), the Complaints against Duns Bradstreet and Crestmont Capital fail to plausibly allege any relationship between defendants and the alleged actions taken under color of law (i.e., CPFB [f]alse [a]dvertising; [i]ntentional [m]isrepresentation of [i]nformation; and/or [i]ntention[al] phishing[.]" Duns Compl. 4; *see* Crestmont Compl. 4.).

Moreover, none of the Complaints assert facts about the alleged wrongs committed by the defendant(s) in each action. The Court is thus unable to evaluate whether plaintiff could be entitled to the relief he seeks. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing pro se complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege").

Accordingly, plaintiff's Complaints do not comply with Rule 8 and must be dismissed for failure to state a claim upon which relief can be granted.

* * *

The Court has considered affording plaintiff an opportunity to amend the Complaints. Based on the incomprehensible nature of the Complaints before this Court and the number of frivolous complaints plaintiff has filed this year alone, the Court finds that any amendment would be futile and denies plaintiff leave to amend. *See Clifton v. Office of Temp. Disability OTDA*, No. 15-cv-06806, 2016 WL 482021, at *2 (E.D.N.Y. Feb. 4, 2016) ("Whereas ordinarily the [c]ourt would allow [the] plaintiff an opportunity to amend . . . it need not afford that opportunity here where it is clear from plaintiff's submission and prior litigation history with the [c]ourt that he cannot state a plausible claim for relief. As such, any attempt to amend . . . would be futile."); *see also Glass v. U.S. Presidents Since 1960*, No. 17-cv-03141, 2017 WL 4621006, at *4 (E.D.N.Y. Oct. 12, 2017) (finding that the plaintiff's amended complaint rose "to the level of the irrational," and declining to afford the plaintiff an opportunity to further amend her complaint "given that the deficiencies therein [were] not such that could be cured by amendment").

**ORDER TO SHOW CAUSE**

District courts may enjoin filings by litigants who persist in filing repetitive suits that lack in any merit. *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996); *see Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 517 (S.D.N.Y. 2023) (observing the Second Circuit has approved anti-filing injunctions that "prohibited the filing of any matters in a designated category[,] against designated parties in demonstrated need of protection[, and] that required leave of court for future filings"). In the July 17, 2026, consolidated Order

dismissing five of plaintiff's actions, the Court warned, "[s]hould plaintiff persist in filing unintelligible actions in this Court, the Court may direct plaintiff to show cause why the Court should not enter an Order barring the acceptance of any future IFP complaints for filing in this Court without first obtaining leave of the Court. 28 U.S.C. § 1651."[4] *See* Memorandum & Order, *Whitfield v. PNC Bank*, No. 26-cv-03242, ECF No. 5 (July 17, 2026). However, since that July 2026 Order, plaintiff has filed an additional seven suits. Indeed, in just the past seven months, plaintiff has commenced at least 17 actions, 10 of which have been dismissed. *See* Nos. 26-cv-00471 (dismissed), 26-cv-01079 (dismissed), 26-cv-01080 (dismissed), 26-cv-02103 (dismissed), 26-cv-02125 (dismissed), 26-cv-02968 (dismissed), 26-cv-03143 (dismissed), 26-cv-03139 (dismissed), 26-cv-03242 (dismissed), 26-cv-03296 (dismissed), 26-cv-04489, 26-cv-04492, 26-cv-04526, 26-cv-05022, 26-cv-05029, 26-cv-05457, and 26-cv-05572. Despite the Court's warning, the five actions considered in this order[5], filed after the Court's warning, follow a pattern of similarly incomprehensible complaints and frivolous suits filed by plaintiff.

---

4 Plaintiff was also warned by Order dated July 1, 2026, in *Whitfield v. Kaiser Corp.*, 26-cv-02103, ECF No. 8 at 5 ("Further, the Court warns plaintiff, yet again, against filing future unintelligible IFP complaints. This Order shall serve as a final warning that the Court hopes will deter plaintiff from further incomprehensible filings. Should he persist in filing unintelligible actions in this Court, the Court may direct plaintiff to show cause why the Court should not enter an Order barring the acceptance of any future IFP complaints for filing in this Court without first obtaining leave of the Court. 28 U.S.C. § 1651."); *see also* Memorandum & Order, *Whitfield v. CDC (District of Columbia)*, No. 26-cv-02125, ECF No. 7 (July 1, 2026) (same); Memorandum & Order, *Whitfield v. Kaiser*, No. 26-cv-02103, ECF No. 4 (May 6, 2026) ("Plaintiff is warned that he may not continue to squander scarce judicial resources. . .[s]hould [p]laintiff continue to submit complaints without the filing fee or completed IFP application, the Court will enter an Order directing the Clerk of Court to return without filing any civil action submitted by [p]laintiff that is not accompanied by the $405 filing fee or a completed IFP application.").

5 Plaintiff recently filed two additional actions, including one on September 9, 2026, that are not addressed in this order—Nos. 26-cv-05457, and 26-cv-05572.

Accordingly, within 30 days of this Order, plaintiff is hereby directed to show cause in writing why he should not be enjoined from filing any new action in the Eastern District of New York without first obtaining permission from this Court. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("[D]istrict courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."). "A federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action pro se (that is, without counsel), without prior leave of that court." *White v. Uhler*, No. 14-cv-01400, 2017 WL 923345, at *4 (N.D.N.Y. Mar. 8, 2017) (collecting cases). The Court will evaluate the following factors to determine whether to impose such an injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Stora v. New York City Bd. of Elections,* No. 25-cv-05004, 2026 WL 41247, at *3 (E.D.N.Y. Jan. 7, 2026) (quoting *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019)).

Plaintiff's response to the Court's order to show cause must explain why these factors do not weigh in favor of imposing an injunction. Should plaintiff fail to adequately show cause, or should plaintiff continue filing repetitive, vexatious, and frivolous litigation, the Court may impose an injunction prohibiting him from future filings without seeking leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a

history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.").

**CONCLUSION**

Accordingly, the Complaints are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). On or before October 13, 2026, the Court directs plaintiff to file a response to the Court's order to show cause setting forth why he should not be enjoined from filing any new civil actions without first obtaining the Court's permission. If plaintiff fails to file a response within the time allowed or if his affirmation fails to provide good cause for why the filing injunction should not issue, the Court shall enter an order barring plaintiff from filing any new action without first obtaining the Court's permission.

The Clerk of Court is respectfully directed to enter judgment dismissing the actions, mail a copy of the judgment and this Memorandum and Order to the plaintiff, note the mailing on the docket, and close the five cases.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United State*s, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: September 11, 2026
Brooklyn, New York